IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MEGAN SPARKS and THOMAS FLETCHER, individually and on behalf of all others similarly situated,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>BOOM BOOM RESTAURANTS, LLC, SISTER LOUISA ATHENS, LLC, GRANT HENRY, and O. JON MCRAE, III,<br><br>    *Defendants*. | CIVIL ACTION FILE NO.<br><br><br>COLLECTIVE ACTION |

## COMPLAINT

**NOW COME** Megan Sparks (hereinafter "Sparks") and Thomas Fletcher (hereinafter "Fletcher") (hereinafter collectively referred to as "Plaintiffs") and assert this Complaint against Boom Boom Restaurants, LLC, (hereinafter "Boom Boom"), Sister Louisa's Athens, LLC (hereinafter "Church Bar Athens"), Grant Henry (hereinafter "Henry"), and O. Jon McRae, III (hereinafter "McRae") (hereinafter collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*. (hereinafter "FLSA" or "the Act").  Plaintiffs state more fully as follows:

# INTRODUCTION

1.

Plaintiffs worked for Defendants within three (3) years preceding the filing of this Complaint. Defendants failed and willfully refused to pay Plaintiffs minimum wages equal to or exceeding the amount required under the FLSA §6, 29 U.S.C. §206. Plaintiffs seek, both for themselves and for all other similarly situated employees, their unpaid wages for three (3) years preceding the filing of this Complaint (hereinafter "the actionable period"), liquidated damages, and their attorneys' fees and costs of litigation under the Act.

2.

More specifically, Defendants violated the Act in several ways. First, Defendants violated the tip pool regulations in that owners and/or managers participated in and received money from the tip pool. Second, no accurate description of the tip pool was ever provided to the service staff. Third, no accurate records of gross tips received and/or tip pool distributions were never kept and/or provided to the service staff.

JURISDICTION

3.

Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.* This Court has original jurisdiction pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331, §1132(a)(1)(B), and §1337.

VENUE

4.

Defendant Boom Boom is a Georgia-based corporation with its corporate office at 254 W. Clayton Street, Athens, Clarke County, Georgia 30601. Defendant Church Bar Athens is a Georgia-based corporation with its corporate office at 510 Edgewood Avenue, #5, Atlanta, Georgia, and operates a bar located at 254 West Clayton Street, Athens, Georgia. Venue for this action properly lies in the Middle District of Georgia, Athens Division, pursuant to 28. U.S.C. §1391(b) and §1391(c)(2), and Local Rule 3.1, and 3.4, M.D. Ga.

DEFENDANTS' COVERAGE UNDER THE FLSA

Sub-Part 1: Defendant Church Bar Athens

5.

Boom Boom and/or Church Bar Athens operates a bar located at 254 West Clayton Street, Athens, Georgia 30601.

6.

Boom Boom and/or Church Bar Athens buy supplies and equipment, including alcohol, out of the stream of interstate commerce.

7.

Boom Boom and/or Church Bar Athens utilize interstate credit/debit card processing in the course of its business.

8.

Boom Boom and/or Church Bar Athens utilize the interstate banking system in the course of its business.

9.

Boom Boom and/or Church Bar Athens advertise in the stream of interstate commerce using the internet, including but not limited to platforms such as Facebook and Yelp.

10.

In calendar year 2018, Boom Boom and/or Church Bar Athens had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

11.

In calendar year 2019, Boom Boom and/or Church Bar Athens had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

12.

For calendar year 2020, Boom Boom and/or Church Bar Athens had an annual gross volume of sales made or business done of not less than five hundred thousand dollars ($500,000), exclusive of excise taxes at the retail level, as defined in §3(s)(1) of the Act. 29 U.S.C. §203(s)(1).

13.

Boom Boom and/or Church Bar Athens constitute an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of §3(r), §3(s)(1), §6(a) and §7(a) of the Act, 29 U.S.C. §203(r), §203(s)(1), §206(a) and §207(a), for the years 2019 through 2020.

14.

For the calendar year 2018, Boom Boom and/or Church Bar Athens were covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*

15.

For the calendar year 2019, Boom Boom and/or Church Bar Athens were covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*.

16.

For the calendar year 2020, Boom Boom and/or Church Bar Athens are covered by, and subject to, the requirements of the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq*.

17.

Boom Boom and/or Church Bar Athens are an "employer" in an industry affecting commerce within the meaning of §3(d) of the Act, 29. U.S.C. §203(d).

18.

Boom Boom and/or Church Bar Athens were/are an "employer" of the Plaintiffs as defined in §3(d) of the Act, 29 U.S.C. §203(d), in 2018, 2019 and 2020.

<u>Sub-Part 2: Owner/Managers as "Employers"</u>

19.

Henry is an owner and/or shareholder in Boom Boom and/or Church Bar Athens.

20.

Henry, along with other individuals, manages the day-to-day operations of Boom Boom and/or Church Bar Athens.

21.

Henry acted and acts directly in the interest of Boom Boom and/or Church Bar Athens in relation to Church Bar Athens' employees such as Plaintiffs. Thus, Henry was an "employer" of the Plaintiffs within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

22.

McRae is an owner and/or shareholder in Boom Boom and/or Church Bar Athens.

23.

McRae, along with other individuals, manages the day-to-day operations of Boom Boom and/or Church Bar Athens.

24.

McRae acted and acts directly in the interest of Boom Boom and/or Church Bar Athens in relation to Boom Boom and/or Church Bar Athens' employees such as Plaintiffs. Thus, McRae was an "employer" of the Plaintiffs within the meaning of §3(d) of the FLSA, 29 U.S.C. §203(d).

## FACTS.

## Sub-Part 1: Basic Employment Facts.

25.

Sparks was employed by Defendants from approximately August 2017 through early November 2020.

26.

During the Relevant Period, Sparks was employed by the Defendants as a bartender.

27.

Fletcher was employed by Defendants from approximately Summer 2017 through early November 2020.

28.

During the Relevant Period, Fletcher was employed by the Defendants initially as a busser for approximately the first month of his employment and subsequently Fletcher became a bartender and continued to work for Church Bar as a bartender until he resigned in early November 2020.

29.

Defendants employed Dylan Snapp (hereinafter "Snapp") as a salaried manager and/or supervisor from approximately Fall of 2018 through at least December 2019.

30.

Snapp worked as a manager on Thursdays, Fridays, and Saturdays.

31.

Snapp, while employed as a salaried manager/supervisor, participated in the employee tip pool.

32.

Defendants had four (4) distinct job positions/duties for non-exempt employees during the actionable period: bartender, bar-back, busser, and doorman.

33.

The position of bartender will be described in more detail, *infra*.

34.

Bussers received approximately $10.00 to $15.00 per hour, depending on the particular employee, and did not participate in the tip pool.

35.

The doorman position was paid $20.00 per hour – "off-the-books" - and did not participate in the tip pool.

36.

Bar-backs were paid $10.00 to $15.00 per hour, depending on the employee, and received a percentage of the tip pool (see ¶¶ 47-48).

37.

In general, the work shift for the opening bartender begins at 4:00 PM and service begins at 5:00 PM. Service ends 2:00 AM and the closing bartender would complete their duties generally by 4:00 AM. Church Bar Athens operates Mondays through Saturdays and is closed on Sundays. Generally, Church Bar Athens uses two (2) bartenders on Monday through Thursday nights, and three (3) bartenders on Friday and Saturday nights. Generally, a separate position – one (1) barback - would also be employed each evening.

38.

Boom Boom and/or Church Bar Athens utilize a tip pool as that term is defined under the Act, *see e.g.*, 20 C.F.R. Sub-Part D, 29 C.F.R. §531.54 and 29 U.S.C. §203(m).

39.

Bartenders, such as Plaintiffs, were paid $2.13 per hour plus tips.

40.

Sparks was employed by Defendants in 2018 and was paid $2.13 per hour plus tips.

41.

Sparks was employed by Defendants in 2019 and was paid $2.13 per hour plus tips.

42.

Sparks was employed by Defendants in 2020 and was paid $2.13 per hour plus tips.

43.

Fletcher was employed by Defendants in 2018 and was paid $2.13 per hour plus tips.

44.

Fletcher was employed by Defendants in 2019 and was paid $2.13 per hour plus tips.

45.

Fletcher was employed by Defendants in 2020 and was paid $2.13 per hour plus tips.

Sub-Part 2: Tip Pool Violations.

46.

Boom Boom and/or Church Bar Athens utilize a tip pool as that concept is defined under the Act, *see e.g.*, 20 C.F.R. Sub-Part D, 29 C.F.R. §531.54 and 29 U.S.C. §203(m). All tips provided by customers were collectively pooled, as described in more detail, *infra*.

47.

In addition to the tip pool, Boom Boom and/or Church Bar Athens required bartenders to "tip out" two percent (2%) of gross sales to be distributed to the barback position. This sum – two percent of gross sales – came out of the tip pool before distribution to the bartenders.

48.

Boom Boom and/or Church Bar Athens would distribute the tip pool - less the two precent (2%) of gross sales to the bar back - to the bartenders who worked that evening. The tip pool would be distributed on a *pro rata* basis (using hours worked that evening as the factor) less the two percent (2%) of gross sales tip-out to the barback.

49.

McRae regularly worked as a bartender at Church Bar Athens and participated in the tip pool with other bartenders, despite being an owner/manager of Boom Boom and/or Church Bar Athens.

50.

Plaintiffs regularly questioned McRae regarding his participation in the tip pool as an owner/manager of the Boom Boom and/or Church Bar Athens. The bartenders thought it grossly unfair that McRae would take the premium evening

shifts – typically Friday and Saturday – for himself, and thereby take a portion of the largest tip pools. See the attached Exhibit "A."

51.

Due to this criticism from the bartenders, at some point in the summer of 2020, McRae ceased to participate in the tip pool.

52.

However, after only two weeks, McRae changed his mind and went back to working the premium bartending shifts and participating in the tip pool. See Exhibit "A." When questioned by Sparks as to why he changed his mind, McRae replied he "needed the money" after purchasing an adjacent property.

Sub-Part 3: Failure to Pay Minimum Wage

53.

Boom Boom and/or Church Bar Athens did not regularly and consistently pay its employees during the actionable period pay its employees.

54.

During the actionable period, Boom Boom and/or Church Bar Athens did not consistently and accurately provide written paychecks (or paycheck stubs) detailing hours worked, regular rate, tips, deductions, and net compensation.

55.

As an example, Boom Boom and/or Church Bar Athens reported Sparks' 2019 W-2 income as $4,000, despite her both working more than represented by the W-2 and earning significantly more during this period.

56.

During the actionable period, Boom Boom and/or Church Bar Athens did not regularly and consistently pay its bartenders the $2.13 per hour hourly base rate.

57.

Plaintiffs would receive a paycheck intermittently, if at all, without any accounting for their hours worked on their checks during the employment period.

58.

For some weeks, Defendants provided paychecks without an accounting of their hours worked, their overtime hours worked (if any), their total pay period straight time earnings, their deductions or additions to wages, the total wages paid each pay period, and the date of payment and pay period covered.

## COUNT I:  FAILURE TO PAY MINIMUM WAGE

## – TIP POOL VIOLATIONS

59.

Plaintiffs restate and reallege paragraphs one (1) through fifty-eight (58), *supra*.

60.

Defendants' willful violations of the U.S. Department of Labor's regulations governing tip pools, i.e., (a) allowing managers and/or owners to participate, (2) failing to inform the Plaintiffs of the terms of the tip pool, and (3) failing to provide accurate, timely records of tip pool distributions constitute violations of §6 of the Act, 29 U.S.C. §206.

61.

Defendants owe Plaintiffs, and all similarly situated employees, back wages in an amount to be determined at trial for (1) all illegally retained tips, (2) all tips distributed to back-of-house employees and managerial employees, and (3) for the full, non-tipped minimum wage for all hours worked as servers pursuant to 29 U.S.C. §206 and §216.

62.

Additionally, Defendants owe Plaintiffs, and all similarly situated employees, liquidated damages in an equal amount for all illegally retained tips, all

tips paid to back-of-house and managerial employees, and for all unpaid full (non-tip credit) minimum wages pursuant to 29 U.S.C. §206 and §216.

## COLLECTIVE ACTION – FLSA VIOLATIONS

63.

Defendants' violations of the Fair Labor Standards Act described herein are systemic policy or practice violations applicable to all bartenders employed during the actionable period. Thus, pursuant to §16 of the Act, 29 U.S.C. §216, Court-authorized notice should be issued to all bartenders employed by Defendant Church Bar during the actionable period.

## PRAYER FOR RELIEF

64.

Based upon the forgoing paragraphs, Plaintiffs respectfully ask this Court to find and order the following:

A. That the Court issue Notice to all similarly situated persons pursuant to §16 of the Act, 29 U.S.C. §216;

B. That the Court find and declare that Defendant Henry acted directly in the interest of Defendant Boom Boom Restaurants, LLC, and Defendant Sister Louisa Athens, LLC relation of the Plaintiffs, and any other similarly situated class member, that as such Defendant Henry was an "employer" of Plaintiffs, and any other similarly situated class member, within the meaning

of §3(d) of the Act, 29 U.S.C. §203(d), and that Defendant Henry is jointly and severally liable for any damages awarded to Plaintiffs, and all similarly situated employees;

C. That the Court find and declare that Defendant McRae acted directly in the interest of Defendant Boom Boom Restaurants, LLC and Defendant Sister Louisa Athens, LLC relation of the Plaintiffs, and any other similarly situated class member, that as such Defendant McRae was an "employer" of Plaintiffs, and any other similarly situated class member, within the meaning of §3(d) of the Act, 29 U.S.C. §203(d), and that Defendant McRae is jointly and severally liable for any damages awarded to Plaintiffs, and all similarly situated employees;

D. That the Court find and declare that Defendant Boom Boom Restaurants, LLC, Defendant Sister Louisa Athens, LLC Defendant Sister Louisa Athens, LLC, Defendant Henry, and Defendant Rae, collectively, have violated the Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, by failing to properly pay the Plaintiffs, and any other similarly situated class member, minimum wages as required, and to have acted "willfully" thus entitling the Plaintiffs, and any other similarly situated class member, to liquidated damages under the Act;

E. That That Defendant Boom Boom Restaurants, LLC, Defendant Sister Louisa Athens, LLC, Defendant Henry, and Defendant McRae be ordered to pay Plaintiffs, and any other similarly situated class member, back wages equaling the minimum wage required under §6 of the Act, 29 U.S.C. §206, for all applicable workweeks;

F. That Defendant Boom Boom Restaurants, LLC, Defendant Sister Louisa Athens, LLC, Defendant Henry, and Defendant McRae be ordered to pay Plaintiffs, and any other similarly situated class member, all tips illegally retain and/or distributed to any manager, owner or supervisor back wages pursuant to §3(m) and §6 of the Act, 29 U.S.C. §203(m) and §206, for all applicable workweeks;

G. That Defendant Boom Boom Restaurants, LLC, Defendant Sister Louisa Athens, LLC, Defendant Henry, and Defendant McRae be ordered to pay Plaintiffs, and any other similarly situated class member, liquidated damages under the Act pursuant to §16(b) of the Act, 29 U.S.C. §216(b);

H. That Defendant Boom Boom Restaurants, LLC, Defendant Sister Louisa Athens, LLC, Defendant Henry, and Defendant McRae be ordered to pay Plaintiffs', and any other similarly situated class member's, reasonable attorneys' fees, and costs of this action pursuant to 29 U.S.C. §216; and,

I. For such other and further relief as the Court finds just and appropriate.

Respectfully submitted this 19th day of January 2021.

                                                  */s/ Peter H. Steckel*
                                                Peter H. Steckel
                                                Georgia Bar Number 491936
                                                Counsel for Plaintiff

**Steckel Law, L.L.C.**
54 South Main Street
Watkinsville, Georgia 30677
(404) 717-6220
Email: peter@SteckelWorkLaw.com